SARA M. THORPE (SBN: 146529)
sthorpe@nicolaidesllp.com
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
626 Wilshire Blvd., Suite 1000
Los Angeles, CA 90017
Telephone: (213) 402-1245
Facsimile:  (213) 402-1246

Attorney for Plaintiff,
BERKSHIRE HATHAWAY
DIRECT INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>LDR VENTURES PARTNERS, LLC, a California Limited Liability Company,<br><br>Defendant. | Case No. 2:21-cv-00040-DMG-AGR<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT AND JURY DEMAND** |

Plaintiff BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY ("BHDIC") alleges as follows:

## NATURE OF THE CASE

1.     LDR VENTURES PARTNERS, LLC ("LDR") contracted in August 2018 with ROCK CENTRAL SERVICES, INC. d/b/a IT'S EASY, INC. ("It's Easy") to create a new website and mobile application by April 2019 for It's Easy's passport and visa services business. It's Easy alleges

1  LDR did not deliver a commercially usable website or mobile application in
2  that time frame or ever. It's Easy alleges that after paying nearly $300,000
3  and a long delay, LDR's web site was seriously deficient and unusable. It's
4  Easy cancelled its web site launch and instituted arbitration against LDR.

      2.     Prior to June 8, 2020, LDR did not have professional liability insurance. After the long delay in the project completion and during testing of the web site, on June 8, 2020, LDR purchased an insurance policy from BHDIC. LDR seeks to have the BHDIC policy cover this breach of contract claim. However, It's Easy's claim is not covered under the BHDIC policy. First, a professional services claim involving an "occurrence" prior to the policy period would only be covered if there had been previous continuous professional liability coverage, which there was not. Second, there was no "occurrence" (i.e., accident) and/or the "occurrence(s)" started or took place prior to the BHDIC policy's inception. Furthermore, the BHDIC policy does not cover claims for breach of contract. BHDIC seeks a declaration, order, and judgment that BHDIC does not owe a duty to indemnify or defend LDR.

      3.     BHDIC brings this lawsuit because the policy is designed to be customer-friendly. BHDIC condensed hundreds of pages of standard industry language into a simple, plain-language, three-page form. The claim against LDR is clearly outside the scope of coverage based on the plain language of this three-page policy form.  It is necessary to litigate what should be obvious from this unprecedently simple policy. There is no coverage for the claim against LDR.

## PARTIES

      4.     Plaintiff Berkshire Hathaway Direct Insurance Company is incorporated under the laws of the State of Nebraska with its principal place of business in Omaha, Nebraska.

5. Defendant LDR Ventures Partners, LLC is a Limited Liability Company under the laws of the State of California with its principal place of business in Los Angeles County, California. LDR has two member-owners. Andrew Koven, one of LDR's two member-owners, is domiciled in the State of California. Maxine Kozler, one of LDR's two member-owners, is domiciled in the State of California.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity among plaintiff and defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because this is the judicial district in which defendant LDR conducts business and where the insurance policy was issued.

8. Pursuant to 28 U.S.C. § 2201(a) and Federal Rules of Civil Procedure 57, this Court has the authority to adjudicate the matters at issue and enter its judgment declaring the rights of the parties to the action.

## FACTUAL BACKGROUND

**LDR – It's Easy Dispute**

9. It's Easy alleges that in late July 2018 or early August 2018, It's Easy engaged LDR, a marketing and consulting business, to redesign It's Easy's website and develop a mobile application for It's Easy's passport and visa services business (the "Project").

10. It's Easy alleges LDR represented it would complete this Project in less than nine months, *i.e.,* by April 2019.

11. It's Easy alleges on August 23, 2018, the operative contract was entered into between LDR and It's Easy (the "Agreement"). The

Agreement contemplated that the Project was to be conducted in two phases, with the scope of services and deliverables for each of the two phases specified in a statement of work incorporated into the Agreement. The first phase of the Project was set forth in an initial marketing consulting agreement dated August 2, 2018. The second phase of the Project, the "execution phase," was set out in the Agreement. The two phases of the Project were to take 270 days to complete.

12. It's Easy alleges between August 2018 and April 2019, It's Easy paid LDR nearly $300,000 in fees and expenses to perform work under the Agreement.

13. It's Easy alleges LDR did not deliver by April 2019 a usable website rebuild or mobile website application. It's Easy alleges LDR did not even commence the "execution phase" of the Project until after the 270-day deadline to complete the Project. Thus, prior to purchasing the BHDIC policy, It's Easy alleges LDR was already in breach.

14. In or before June 2020, testing was performed on the web site and It's Easy advised LDR about errors during testing of the website.

15. On or before June 11, 2020, It's Easy advised LDR about concern about the handling and execution of the Project.

16. These problems culminated on June 16, 2020 with It's Easy's conclusion that "we have a system that is not only a train-wreck in more ways than one, but does not even work in a manner that is fully usable to anyone with a computer." At that point, It's Easy alleges it cancelled its already delayed website launch.

17. It's Easy alleges LDR failed to properly manage and timely perform services required under the Agreement, including the goal to have a web site fully optimized before launch. It's Easy alleges LDR's programming and work product were seriously deficient.

18. On August 17, 2020, LDR was provided with notice of It's Easy's demand for arbitration in connection with LDR's alleged breach of the Agreement.

19. In It's Easy's Statement of Claim filed on October 1, 2020 in the arbitration proceedings, It's Easy alleges LDR's failure to provide a commercially usable website rebuild and mobile application was a breach of the Agreement. It's Easy alleges causes of action for breach of contract, unjust enrichment, and seeks not less than $750,000 in damages, as well as attorney's fees and costs.

**BHDIC Policy**

20. Even though LDR had been in business since 2017, LDR did not have a professional liability insurance policy prior to purchasing the BHDIC policy.

21. BHDIC created its "THREE" Insurance Policy to change the way small businesses buy insurance. In particular, the main form of the Policy is only three pages long, compared to dozens or even hundreds of pages in standard insurance policy forms. The THREE form was designed to be clear and concise, and while the form is very short compared to most policies, the basis for the lack of coverage on the subject claim is conspicuously set out in the brief three-page form.

22. BHDIC issued its "THREE Insurance Policy" (three-page policy) no. 140121049 to LDR Ventures Partners, LLC, effective June 8, 2020 to June 8, 2021 ("Policy"). As is relevant to this dispute, the Policy includes coverage for Business Liability with a Limit of Liability of $1 million for any one liability occurrence and $3 million for any and all liability occurrences, subject to a $1,000 deductible.

/ / /

/ / /

23. The Policy provides, in relevant part, that:

**I. The coverage we provide your business under this policy:**

This policy only covers your business for loss caused by occurrences during the policy period. An "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions that begin during the policy period. "Occurrence" also includes an error or omission by your business. Should any part of this policy, on its effective date, conflict with the laws of the state where your business is based, then that part of this policy will be automatically amended to meet the minimum requirements of those laws.

. . .

**For your business' liability to others:** We cover your business for amounts it is legally required to pay others as the result of an occurrence. We will provide legal counsel to defend any such claims. When listed Additional Insureds or employees of your business act on its behalf, they are also covered.

We also cover (i) claims of negligence, errors, or omissions in providing professional services, and (ii) claims against directors or officers of your business arising from their actions taken on behalf of your business. For these kinds of claims, if your business first learns about the claim during this policy, and previously had continuous insurance coverage that would have covered the claim, we will cover that claim even though it is not the result of an occurrence during this policy.

24. The Policy further provides:

**II. What we do not cover:**

We do not cover any occurrence(s) that start or take place outside the policy period on the Summary. To be covered by any of this policy's Coverages, the damage, liability, or injury must be caused by or arise from an occurrence during the policy period on the Summary. For any claims that we do not cover, we will not provide legal counsel to defend those claims.

. . .

For liability claims, we do not cover claims based on (i) damage or occurrences that were expected or intended (in other words, it was not accidental); (ii) a contract; (iii) warranty claims, or (iv) any promise of financial performance or return.

25. In addition, the Policy provides that:

**V.  What your business needs to do:**

You expect us to be fair in meeting your business' needs. For us to best meet our responsibilities under this policy, we need your business to meet certain requirements as well. First, we need
openness and honesty about all the information provided to us in connection with this policy. We will rely upon that information to give a premium estimate, and we also use it to protect ourselves in the event of fraud or efforts to abuse our policy and the promises we make in it.

Second, we need your business to report to us as quickly as possible about anything that could give rise to claims, and cooperate with our requests. We ask that your business take all reasonable steps to protect itself and its property after a loss. Your business must file a police report following a theft. If you have any questions or concerns, the earlier you report to us, the faster we can act to cover your business. We may need to ask additional questions to process claims, and your business must answer those promptly and truthfully. After your business reports a claim to us, we will promptly investigate, and will promptly pay claims when liability has

become clear and your business has provided us with proof of loss. Your business cannot give up claims it might have against others for the losses covered by this policy without our permission.

Third, keep us updated. If any of the information given to us changes, such as adding a new property to the business, let us know so that we can keep our records up to date. Some information we may seek to confirm in any event. For example, after this policy expires, we will likely ask for confirmation of payroll so we can confirm workers' compensation data. For this and any other information requests relating to this insurance, we will be relying on your business to provide accurate information. These requests may include audits of books or physical inspection of your business'operations. We will also use the information to adjust the premium (up or down) so it accurately reflects your business' risks. All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

**If your business does not meet its obligations to us, your business may lose some or all coverage under this policy.**

26. The Policy further provides under "If Something Goes Wrong" that: "For liability claims, we will have the right to decide how to prepare for and defend any potential claim, and to decide if a claim should be settled."

**Tender and Denial**

27. On or about August 18, 2020, LDR tendered It's Easy's claim to BHDIC under the Policy.

28. BHDIC reserved rights and requested information about the dispute.

/ / /

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

8

29. Based on its investigation and the claims being made by It's Easy, BHDIC concluded there was no coverage afforded by the Policy for It's Easy's claim against LDR, and denied the claim on September 24, 2020.

30. LDR requested reconsideration. BHDIC, after further considering LDR's arguments and additional information provided, again concluded on November 11, 2020 that It's Easy's claim was not covered. Nonetheless, BHDIC agreed to provide It's Easy with a defense, pursuant to a full reservation of rights.

## FIRST CAUSE OF ACTION

**(Declaratory Relief – No Coverage for Professional Liability Based on Occurrence Prior to Policy Period)**

31. BHDIC re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30 of this Complaint as though fully set forth here.

32. The Policy provides coverage for liabilities faced by a business, including claims of "negligence, errors, or omissions in providing professional services." The Policy provides that "we will cover that claim even though it is not the result of an occurrence during this policy." However, the Policy provides for that claim to be covered, the insured must have "previously had continuous insurance coverage that would have covered the claim."

33. It's Easy alleges LDR did not provide the professional services set forth in the Agreement. It's Easy alleges LDR's failure to provide those professional services started in at least April 2019 when the website was not completed according to the schedule, when the "execution phase" was not started until after April 2019, and when product testing failed. It's Easy alleges it intended to launch its web site months prior to when it was able

to do so, and that it shut down the web site in June 2020 when the web site still did not function as it was supposed to perform.

34. It's Easy's claim is based on an occurrence or occurrence(s) (errors and omissions in the performance of the Agreement) that started or took place prior to the inception date of the Policy.

35. LDR first presented It's Easy's claim to BHDIC in August 2020, during the policy period of the Policy.

36. LDR confirmed it did not have insurance coverage for this type of claim prior to June 8, 2020 when LDR purchased the BHDIC Policy.

37. Therefore, BHDIC concluded It's Easy's claim against LDR is not covered under the professional services coverage in the Policy.

38. LDR disagrees with BHDIC.

39. An actual controversy exists between BHDIC and LDR regarding the parties' respective rights, duties, and obligations (if any) under the Policy and applicable law.

40. BHDIC seeks a judicial declaration, order, and judgment that the Policy does not provide coverage for It's Easy's claim against LDR. Such judicial determination is necessary and proper in order that all parties included in this lawsuit are bound by the same interpretation of the Policy.

Wherefore, BHDIC prays for the relief set forth below.

## SECOND CAUSE OF ACTION

**(Declaratory Relief – No Coverage for "Occurrence(s)" or Breach of Contract)**

41. BHDIC re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30 of this Complaint as though fully set forth here.

42. The Policy provides coverage for "loss caused by occurrences during the policy period." The Policy provides that: "To be covered . . . the

damage, liability, or injury must be caused by or arise from an occurrence during the policy period . . ."

43. "Occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same harmful conditions that begin during the policy period." "Occurrence" also "includes an error or omission by your business."

44. The Policy provides that it does not cover "any occurrence(s) that start or take place outside the policy period . . ."

45. In addition, the Policy does not cover claims "based on [] damage or occurrences that were expected or intended (in other words, not accidental) . . ."

46. Further, the Policy does "not cover claims based on . . . a contract . . ."

47. It's Easy alleges LDR failed to perform under the Agreement when, in April 2019, LDR did not deliver the website. It's Easy further alleges LDR failed to perform the Agreement by not commencing work on the web site until after April 2019. It's Easy further alleges testing showed the web site did not work. It's Easy alleges LDR failed to deliver a website and app that functioned as was promised.

48. LDR's failure to perform obligations under the Agreement as alleged by It's Easy is not an "accident" as that term is defined under California law.

49. LDR's failure to perform obligations under the Agreement as alleged by It's Easy started and took place prior to the inception date (June 8, 2020) of the Policy.

50. In addition, It's Easy's a claim is one for failure-to-deliver the contracted-for product and services and, thus, all "based on a contract."

/ / /

51. BHDIC contends the Policy does not cover It's Easy's claim because there is no "occurrence" and/or the "occurrence(s)" first started and took place prior to the policy period of the Policy.

52. BHDIC further contends that there is no coverage because It's Easy's claim is based on a contract.

53. LDR disagrees with BHDIC's position.

54. An actual controversy exists between BHDIC and LDR regarding the parties' respective rights, duties, and obligations (if any) under the Policy and applicable law.

55. BHDIC seeks a judicial declaration, order, and judgment that there is no coverage afforded by the Policy because there was no "occurrence" and/or because the "occurrence(s)" started or took place prior to the policy period and/or because the claim against LDR is based on a contract. Such judicial determination is necessary and proper in order that all parties are bound by the same interpretation of the Policy.

Wherefore, BHDIC prays for the relief set forth below.

### THIRD CAUSE OF ACTION

**(Declaratory Relief – No Duty to Defend)**

56. BHDIC re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 55 of this Complaint as though fully set forth here.

57. The Policy provides that BHDIC will defend the insured against claims potentially covered by the Policy. The Policy also provides that "[f]or any claims that we do not cover, we will not provide legal counsel to defend those claims."

58. Under California law, there is only a duty to defend if the claim against the insured is potentially covered by the policy; if the claim cannot be covered by the policy, there is no duty to defend.

59. It's Easy's claim against LDR cannot be covered by the BHDIC Policy because, to the extent it is a claim for "negligence, errors, or omissions in providing professional services," LDR did not "previously [have] continuous insurance coverage that would have covered the claim."

60. Further (or alternatively), It's Easy's claim against LDR cannot be covered by the Policy because the allegations against LDR are not based on an accident.

61. Further (or alternatively), It's Easy's claim against LDR cannot be covered by the Policy because (if there was any "occurrence"), the Policy does not cover "occurrence(s) that start or take place outside the policy period . . ."

62. Further (or alternatively), It's Easy's claim against LDR cannot be covered because It's Easy's claim is based on a contract.

63. BHDIC agreed to defend It's Easy under a full reservation of rights, but BHDIC contends it owes no duty to defend LDR against It's Easy's claim in arbitration.

64. LDR disagrees with BHDIC's position.

65. An actual controversy exists between BHDIC and LDR regarding the parties' respective rights, duties, and obligations (if any) under the Policy and applicable law.

66. BHDIC seeks a judicial declaration, order, and judgment that there is no duty to defend LDR against It's Easy's claim. Such judicial determination is necessary and proper in order that all parties are bound by the same interpretation of the Policy.

Wherefore, BHDIC prays for the relief set forth below.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### (Reimbursement)

67. BHDIC re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 66 of this Complaint as though fully set forth here.

68. BHDIC is defending LDR in the arbitration under a full reservation of rights, including the right to be reimbursed for any amounts paid as defense fees and costs.

69. BHDIC has no duty to defend; therefore, LDR is receiving a benefit (defense fees and costs) that BHDIC had no obligation to pay.

70. BHDIC has an equitable and quasi-contractual right to be reimbursed by LDR for the defense fees and costs BHDIC pays on behalf of LDR.

71. BHDIC seeks a judicial declaration, order, and judgment that LDR reimburse LDR for defense fees and costs paid by BHDIC, and interest thereon, in an amount according to proof at trial.

Wherefore, BHDIC prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, BHDIC prays for entry of judgment and relief as follows:

1. A declaration, order, and judgment that BHDIC does not owe any duty to indemnify LDR against It's Easy's claim;

2. A declaration, order, and judgment that BHDIC does not owe any duty to defend LDR against It's Easy's claim;

3. A declaration, order, and judgment that LDR reimburse BHDIC for all amounts BHDIC has paid as defense fees and costs in defending LDR, in an amount according to proof at trial;

4. For pre-judgment interest;

5. For costs of suit; and

6. For such other relief as this Court deems just and proper.

Dated: January 26, 2021

NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP

By: /s/ Sara M. Thorpe
Sara M. Thorpe
Attorney for BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY

## **DEMAND FOR JURY TRIAL**

BHDIC hereby demands a trial by jury in this action.

Dated: January 26, 2021

NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: _____*/s/ Sara M. Thorpe*_____
Sara M. Thorpe
Attorney for BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY